IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DANEE HELVEY and JOSHUA HELVEY,      )
                                     )
                  Plaintiffs,        )      **CIVIL ACTION**
                                     )
v.                                   )      No.  12-1109-MLB
                                     )
AMERICAN NATIONAL LIFE INSURANCE     )
COMPANY OF TEXAS,                    )
                                     )
                  Defendant.         )
_____)


<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on plaintiffs' motion to remand.  (Doc. 8).  The motion has been fully briefed and is ripe for decision.  (Docs. 10, 11).  Plaintiffs' motion is taken under advisement for the reasons stated herein.

**I.    Facts and Procedural History**

Plaintiff Danee Helvey purchased a family health insurance policy from defendant.  Plaintiff Josh Hevey was a covered individual under the policy.  On July 4, 2010, Josh was injured in a fall from a moving vehicle.  Defendant denied coverage on the medical claims submitted by various providers.

On June 24, 2011, defendant brought a declaratory judgment action in this court against Josh seeking judgment that it was not liable for the costs of the past and any future medical claims.  <u>See</u> Case no. 11-4061-JAR. Defendant then settled three of the thirteen medical claims.[1]  Defendant moved to voluntarily dismiss its case on

_____

[1] Based on the submissions, it appears that the claims were settled for lesser amounts; however, the claims have yet to be paid.

December 8, 2011.  The motion was granted.

Plaintiffs brought this declaratory action in state court seeking judgment declaring defendant liable for all past and future medical bills pertaining to Josh's injury.  Plaintiffs also seek reimbursement of attorney's fees in the prior federal action and this action.

Defendant removed the state petition to this court on March 23, 2012.  Plaintiffs now move to remand this action to Ellsworth County, Kansas.  (Doc. 8).  Plaintiffs assert that this court does not have subject matter jurisdiction over this matter.

**II.   Analysis**

An action originally filed in state court may be removed to federal court if there is a basis for federal subject matter jurisdiction.  28 U.S.C. § 1441(a), (b).  Conversely, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id. § 1447(c).

Federal courts are courts of limited jurisdiction, United States ex rel. Grynberg v. Praxair, Inc., 389 F.3d 1038, 1048 (10th Cir. 2004), and the parties cannot confer jurisdiction where it is lacking. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982).  The removing party has the burden to prove the existence of subject matter jurisdiction.  Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003).  All doubts concerning removability are to be resolved against removal and in favor of remanding cases to state courts.  Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

-2-

Plaintiffs claim that diversity is lacking in this case because, pursuant to 28 U.S.C. § 1332(c), the citizenship of plaintiff Danee Helvey, the insured, is imputed to defendant.   Subsection (c) of § 1332 provides:

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business: Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as any state by which the insurer has been incorporated and the State where it has its principal place of business.

Thus, plaintiffs argue that their action against defendant is a direct action against the insurer of a policy thereby making defendant a citizen of the state of Kansas.

This case, however, is not a direct action concerning a liability policy.   A "direct action," as that term is used in § 1332(c), does not exist "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." Myers v. State Farm Ins. Co., 842 F.2d 705, 707 (3d Cir. 1988)(quoting Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985)). Basically, the statute applies when the insured is a tortfeasor and the plaintiff is seeking damages through the insured's provider. Id. Therefore, defendant's residency for jurisdictional purposes remains its state of incorporation and residence, which is Texas.

Next, plaintiffs assert that diversity jurisdiction is not satisfied in this case because the amount in controversy does not

-3-

exceed $75,000.  The party invoking federal court jurisdiction bears the burden of proving that all of the requirements for diversity jurisdiction are satisfied.  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 954-55 (10th Cir. 2008).  If the complaint does not demand a specific amount of recovery, as in this case, the defendant must affirmatively establish jurisdiction by proving, by a preponderance of evidence, jurisdictional facts to show the case may involve more than $75,000. <u>McPhail</u>, 529 F.3d at 955.

In the notice of removal, defendant alleged that plaintiffs have incurred medical bills totaling more than $74,000.  (Doc. 1). Plaintiffs, however, submitted exhibits in their motion to remand which detailed approximately $68,000 in past medical bills.  In addition, plaintiffs submitted an exhibit showing that defendant has settled with three of the medical providers for a substantially reduced amount.  For example, the bills from Via Christi amounted to more than $47,000. However, defendant settled this bill for $1255.68, which results in a significant reduction in plaintiffs' past damages claims.  Importantly, defendant does not respond to plaintiffs' contentions and exhibits concerning the settled amount and its effect on this court's jurisdiction.  When an insurer settles for a lesser amount than the amount billed, the amount in controversy is the amount that will be paid and not the original amount billed.  <u>See Dela Fuente v. Humana Ins. Co.</u>, No. 10-2210, 2011 WL 671762, *2 (D. Ariz. Feb. 17, 2011).

After considering the settlements, plaintiffs' past medical bills are approximately $10,500.  In addition, plaintiffs seek coverage for future medical care in an amount of approximately

$20,000. (Doc. 11). As defendant notes, plaintiffs also seek attorney's fees. However, defendant has failed to establish how an award of attorney's fees would be upwards of $44,500 in this action. Therefore, the court finds that defendant has not met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Alternatively, defendant seeks an additional forty-five to sixty days to conduct limited discovery of medical bills, future medical treatment and attorney's fees. In <u>McPhail</u>, the Circuit held that a party may seek limited discovery to determine the amount in controversy. 529 F.3d at 954. However, the Circuit did not give any guidance on when it is appropriate to grant or deny a request. In this case, the court is reluctant to grant the request because of defendant's position as plaintiffs' insurer.[2] Presumably, defendant has access to the past medical bills. Moreover, plaintiffs have provided a detailed exhibit of Josh's future medical treatment. Therefore, the only missing piece of the puzzle is the attorney's fees.

The court will grant a thirty-day limited discovery period as follows: 1) discovery is limited to past medical bills and settlements; 2) costs of anticipated future treatments; and, 3) attorney's fees billed in Case no. 11-4061-JAR and this case. In addition, in the event this case is ultimately remanded to state court after discovery has concluded, defendant will be required to pay

---

[2] The <u>McPhail</u> case contemplated a situation in which the defendant had no information from which to establish the amount of damages. This case, however, is different.

plaintiff's attorney's fees incurred during the pendency of this action.  If defendant does not agree to these conditions, defendant must inform the court by letter that it will consent to an immediate remand to state court.

## III.  Conclusion

Plaintiffs' motion to remand (Doc. 8) is taken under advisement. After the period of limited discovery is concluded, defendant shall have 10 days to supplement its response to provide evidence which demonstrates that the amount in controversy exceeds $75,000. Plaintiffs shall have 10 days to supplement its reply.  In the alternative, if plaintiffs do not wish to renew the motion after the competition of discovery, plaintiffs must file a motion to withdraw their motion to remand.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  Any such motion shall not exceed three double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.  No exhibits may be attached to any submissions.


IT IS SO ORDERED.

Dated this <u>  13th  </u> day of June 2012, at Wichita, Kansas.


<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE


-6-